1  Thomas A. Saenz (Cal. Bar No. 159430)
   Luis L. Lozada (Cal. Bar No. 344357)
2  MEXICAN AMERICAN LEGAL DEFENSE
   AND EDUCATIONAL FUND
3  634 South Spring Street, 11th Floor
   Los Angeles, CA 90014
4  Telephone: (213) 629-2512
   Facsimile: (213) 629-0266
5  Email: tsaenz@maldef.org
          llozada@maldef.org
6
7  *Attorneys for Plaintiff
   and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (WESTERN DIVISION)

| | |
|---|---|
| SARAY ORTIZ, an individual, on behalf of herself and all others similarly situated,<br><br>                        Plaintiff,<br><br>    vs.<br><br>UNIVERSITY CREDIT UNION,<br><br>                        Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA UNRUH CIVIL RIGHTS ACT; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Saray Ortiz ("Plaintiff" or "Plaintiff Ortiz"), individually and on behalf of all others similarly situated, by her attorneys makes the following allegations, based on information and belief, against Defendant University Credit Union ("Defendant" or "UCU"):

## INTRODUCTION

1.  Defendant UCU follows a policy of denying full access to credit products and services to applicants on the basis of their alienage or immigration status, including those who have Deferred Action for Childhood Arrivals ("DACA") status.

2.  Plaintiff Ortiz and members of the Class she seeks to represent were and are unable to access Defendant's credit and loan products and services because of their alienage or immigration status. Plaintiff brings this case against UCU for unlawful discrimination in violation of the Civil Rights Right of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981"), and the California Unruh Civil Rights Act ("Unruh Act"), as codified at California Civil Code §§ 51, *et seq*.

3.  Defendant's violations have inflicted harm on Plaintiff, and the Class she seeks to represent, including but not limited to, access to credit products with unfavorable terms and conditions, and emotional distress.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

5.  This Court is also empowered to issue a declaratory judgment by 28 U.S.C. §§ 2201 and 2022.

6.  Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

- 1 -
**CLASS ACTION COMPLAINT**

## PARTIES

**Plaintiff**

7. Plaintiff Saray Ortiz is a resident of Los Angeles, California and has lived in the United States since 1993. She arrived in the United States from Morelos, Mexico when she was eight years old. She currently works at the J. Paul Getty Museum as a project administrator.

8. Plaintiff Ortiz has been a DACA recipient since 2013. As part of the DACA initiative, Plaintiff Ortiz received authorization to work in the United States and a Social Security Number. Plaintiff Ortiz resided in Los Angeles on the date that she applied for an auto loan from Defendant and was unlawfully denied.

9. Defendant subjected Plaintiff and members of the Class that she seeks to represent to discrimination in violation of federal and state laws as described in this Complaint.

**Defendant**

10. Defendant University Credit Union is a member-owned credit union headquartered in Los Angeles, California.

11. Defendant maintains a business and mailing address at 1500 South Sepulveda Boulevard, Los Angeles, California 90025.

12. Defendant offers consumers a range of financial and credit products, including retail banking services, commercial loans, personal loans, auto loans, credit cards, and home loans.

## STATEMENT OF FACTS

13. Plaintiff Ortiz brings this action on behalf of herself and members of the proposed Plaintiff Class. The class seeks damages, declaratory judgment, and injunctive relief.

14. Plaintiff Ortiz is a recipient of DACA and has been since 2013. Since that time, she has continuously possessed an employment authorization card and a Social Security Number.

15. On February 14, 2024, Plaintiff Ortiz applied for a checking account with UCU. Although UCU requires applicants to be members of the credit union, and Plaintiff Ortiz was not a member, she qualified for membership through her place of employment at the J. Paul Getty Museum in order to open the checking account.

16. On February 15, 2024, UCU informed Plaintiff Ortiz via email that her checking account application was approved.

17. On February 15, 2024, Plaintiff Ortiz submitted an auto loan application. Soon after, a UCU representative called Plaintiff Ortiz to take her information regarding her driver's license, expiration date, employment, and Social Security Number. On that same day, a UCU consumer lending underwriter, Neftali German ("German"), sent an email to Plaintiff Ortiz to congratulate her that her auto loan application was approved in the amount of $18,000.

18. On February 16, 2024, a UCU loan specialist, Amanda Goplin ("Goplin"), emailed Plaintiff Ortiz to inform her that her auto loan was approved and provided a range of interest rate options. Goplin asked Plaintiff Ortiz to provide a copy of her Social Security Card, purchase contract, and verification of auto insurance.

19. As requested, Plaintiff Ortiz submitted her Social Security Card, auto insurance, and option contract from a car dealership. Under the option contract, Plaintiff Ortiz had 7-days to "shop around" for better terms and financing before closing the auto purchase with the dealership.

20. On February 16, 2024, Goplin emailed Plaintiff Ortiz explaining that "I noticed on your Social Security Card it is only valid for work only with DHS authorization. Will you please provide me with either your Permanent Resident Card or Employment Authorization Card?" Plaintiff Ortiz submitted her Employment Authorization Document ("EAD") to Goplin.

21. On February 16, 2024, German emailed Plaintiff Ortiz with the following message: "Thank you for applying for a loan with University Credit Union. We appreciate the opportunity

- 3 -
**CLASS ACTION COMPLAINT**

to help you with your financial needs.  Unfortunately, after thorough review of your application, we are unable to grant your request at this time.  We will be mailing you a letter that outlines the reason(s) for our decision."

22. On February 23, 2024, UCU sent an Adverse Action Notice to Plaintiff Ortiz.  The Notice provided that UCU refused to offer the loan to Plaintiff Ortiz because "credit not extended on terms and conditions requested."  The Notice also indicated that Plaintiff Ortiz had a credit score of 759 when she applied for the auto loan from UCU.

23. Following the denial of her loan application, and under the option contract, Plaintiff Ortiz purchased a 2023 Hyundai Venue with an interest rate of 9.19% from a car dealership.  Had UCU approved the loan, Plaintiff Ortiz was informed via phone that her auto loan interest would have been around 6.4%.

24. Plaintiff Ortiz suffered harm from UCU's denial of her loan application on the basis of her alienage or immigration status.  This denial caused Plaintiff Ortiz to feel the deleterious effects of discrimination and to suffer harm, including actual damages, emotional distress, and negative effects of incurring a loan with less favorable terms compared to the loan UCU offered.

25. UCU's denial of Plaintiff Ortiz's application because of its limited and arbitrary alienage requirement violates 42 U.S.C. § 1981.

26. UCU's denial of Plaintiff Ortiz's application because of her immigration status violates the California Unruh Civil Rights Act.

27. There is an actual and substantial controversy between Plaintiff and UCU.

### CLASS ACTION ALLEGATIONS

28. Plaintiff Ortiz incorporates by reference the allegations raised in all preceding paragraphs.

- 4 -
**CLASS ACTION COMPLAINT**

29. Plaintiff Ortiz brings this action on behalf of herself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

30. Plaintiff Ortiz seeks to represent the following nationwide class ("National Class"), composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a credit or loan product from UCU but were denied full and equal consideration by UCU on the basis of alienage or lack of U.S. citizenship.

31. Plaintiff Ortiz additionally brings class allegations on behalf of a California Subclass composed of, and defined, as follows:

> All persons who resided in California at the relevant time they applied for or attempted to apply for a credit or loan product from UCU but were denied full and equal consideration by UCU on the basis of their immigration status.

32. Plaintiff Ortiz may amend the above class definitions as permitted or required by this Court. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

33. The potential members of the above National Class and California Subclass as defined are so numerous that joinder would be impracticable.

34. The National Class and California Subclass are an ascertainable group that, on information and belief, consists of at least dozens of individuals.

35. With discovery, the size of the Class will be ascertainable. The names and addresses of potential Class Members are available to Defendant.

36. Notice can be provided to the potential Class Members via first class mail using techniques and a form of notice similar to those customarily used in class-action lawsuits.

**Rule 23(a)(2) – Common Questions of Law and Fact**

37. There are questions of law and fact common to the Class that predominate over any questions affecting only Plaintiff Ortiz or any other individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether it is UCU's policy or practice to reject applicants for credit or loan products on the basis of alienage or immigration status;

    b. Whether UCU violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Ortiz and the National Class on the basis of alienage;

    c. Whether UCU violated the Unruh Act by denying full and equal access to services to Plaintiff Ortiz and the California Subclass on the basis of immigration status;

    d. Whether Plaintiff Ortiz and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

    e. Whether Plaintiff Ortiz and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

38. Plaintiff Ortiz's claims are typical of the claims of the Class. Plaintiff Ortiz and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal and California laws, regulations, and statutes as alleged here.

39. Plaintiff Ortiz's claims are representative of and co-existent with the claims of Class Members.

/ / /

/ / /

/ / /

**Rule 23(a)(4) – Adequacy of Representation**

40.     Plaintiff Ortiz will fairly and adequately represent and protect the interests of Class Members.  Plaintiff Ortiz is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

41.     Plaintiff Ortiz has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

42.     Class certification is appropriate because UCU has acted and/or refused to act on grounds generally applicable to members of the National Class and California Subclass.  UCU's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff Ortiz and the Class Members as a whole.

43.     UCU excludes Class Members in the National Class and California Subclass outright from credit or loan products and services on the basis of alienage and/or immigration status.  The Class Members of the National Class and California Subclass are entitled to declaratory, equitable, and injunctive relief to end UCU's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

44.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.  Each Class Member has been injured and is entitled to recovery by reason of Defendant's unlawful policies and practices of discrimination on the basis of alienage and/or immigration status and of denying full and equal access to Defendant's services.

45. No other litigation concerning this controversy has been commenced by or against Class Members.

46. Class-action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.

47. Under the Unruh Act, Class Members have been injured and are entitled to recovery of damages and statutory penalties because of UCU's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff Ortiz and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

48. Plaintiff Ortiz is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

**FIRST CLAIM FOR RELIEF**
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

49. Plaintiff Ortiz incorporates by reference the allegations raised in all preceding paragraph.

50. Plaintiff Ortiz brings this claim on her own behalf and on behalf of the National Class.

51. Plaintiff Ortiz and Class Members are persons within the jurisdiction of the United States.

52. Plaintiff and Class Members are aliens.

53. Plaintiff Ortiz and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

54. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

55. Defendant intentionally discriminated against Plaintiff Ortiz and members of the Class on the basis of alienage by denying them access to full review of their applications for credit or loan products.

56. Plaintiff Ortiz and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here.  Plaintiff Ortiz and Class Members demand damages, and request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's alienage and to prevent further violations of 42 U.S.C. § 1981

57. Plaintiff Ortiz and Class Members are now suffering, and will continue to suffer irreparable injury from UCU's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of the Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

58. Plaintiff Ortiz incorporates by reference all the allegations raised in all preceding paragraphs.

59. Plaintiff Ortiz brings this claim on her own behalf and on behalf of the California Subclass.

60. Plaintiff Ortiz and Class Members are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

- 9 -
**CLASS ACTION COMPLAINT**

61. Defendant conducts business within the jurisdiction of the State of California and, therefore, is obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq*.

62. Plaintiff Ortiz and Class Members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status, and no business establishment of any kind whatsoever may refuse to contract with Plaintiff Ortiz and Class Members because of or due in part to their immigration status.

63. Defendant violated the Unruh Act by denying Plaintiff Ortiz and members of the California Subclass access to full review of their applications for credit and loan products free of discriminatory conditions imposed on the basis of their immigration status.

64. Under Section 52(a) of the Unruh Act, Plaintiff Ortiz and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorney's fees.

65. Under Section 52(c), Plaintiff Ortiz requests that this Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ortiz and the Class she seeks to represent respectfully request the following relief:

i. Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;

ii. Designation of Plaintiff Ortiz as the class representative on behalf of the National Class and California Subclass;

- 10 -
**CLASS ACTION COMPLAINT**

    iii.    Designation of Plaintiff's counsel of record as Class Counsel;

    iv.    Declaratory judgment that Defendant's policies and practices set forth here are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

    v.    Preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here and described in preceding paragraphs;

    vi.    Award of statutory and compensatory damages to Plaintiff Ortiz and Class Members in an amount to be determined at trial;

    vii.    Costs incurred, including reasonable attorneys' fees and costs to the extent allowable by law;

    viii.    Pre-judgment and post-judgment interest, as provided by law; and

    ix.    For such other and further relief as this Court deems just and proper.

Dated: July 18, 2024                              Respectfully submitted,

                                                           */s/ Luis L. Lozada*

Luis L. Lozada
Thomas A. Saenz
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
            llozada@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

- 11 -
**CLASS ACTION COMPLAINT**